## CIRCUIT COURT OF THE CITY OF RICHMOND

Saunders & Desaulniers

v.

Virginia Employment Commission

September 8, 1993

Case No. N-8366–1

BY JUDGE MELVIN R. HUGHES, JR.

Petitioner, the partnership of Saunders & Desaulniers, has filed a Petition for Review seeking judicial review of the September 13, 1989, determination by respondent, the Virginia Employment Commission. The Commission found that petitioner was a new employer and not a successor to the predecessor partnership, for the purposes of determining petitioner's unemployment compensation tax rate pursuant to the Virginia Unemployment Compensation Act (the "Act"). The effect of the determination is that petitioner is to be treated as an "employer newly subject to this title," (Title 60.2), and as such, petitioner is subject to the new employer tax rate. A finding that petitioner was a successor employer would have entitled petitioner to the experienced-based tax rate then being applied to the predecessor employer. *See* Va. Code § 60.2–535.

The parties have agreed to allow the Court to decide this matter solely on the briefs submitted. For the reasons set forth below, the Commission's determination is affirmed.

This court's review of a Commission decision is limited to questions of law, and the Commissioner's findings of fact, if supported by the evidence and in the absence of fraud, are conclusive. Virginia Code § 60.2–500(B)(1). Petitioner has neither disputed the Commissioner's factual findings nor claimed fraud. The Commission's findings of fact, which are supported by the evidence and accepted as conclusive, are as follows:

In January 1975, Stuart A. Saunders opened an office on Cunningham Drive in Hampton, Virginia, as a sole practicing attorney. He had two clerical employees at the time. Later on that year, Mr. Saunders' brother joined him in a partnership, and in 1977, a third partner was added to the firm. In 1978, Mr. Saunders' brother left the practice of law, and another individual was brought in to be the third partner. That individual left the firm in May, 1984, and the two remaining partners moved into a nearby building. In September, 1986, Mr. Desaulniers was hired as an associate.

On September 1, 1988, Mr. Saunders and his partners dissolved their partnership. The other partner took his secretary with him and opened up an office elsewhere in Hampton. Mr. Saunders, his associate, Mr. Desaulniers, and his secretary of sixteen years remained in the old office. This arrangement was to be temporary until the premises can be sublet, at which time a new location is to be occupied.

Petitioner is not aware of any change in his experience rating during any of the various incarnations of his law practice until the last change when the partnership broke up. At that point, he was told that he would have to be classified as a new employer for experience rating purposes, and that is what caused him to request a hearing.

Petitioner focused on the practice of real estate and business law, while his partner had focused on the areas of criminal law and domestic relations. The files of their respective clients had been marked so that they could be easily separated. Since petitioner had purchased most of the office equipment before his partner had joined the firm, he retained most of it upon the dissolution of the partnership.

Virginia Employment Commission, Liability Decision No. L-244, p. 1–2 (September 13, 1989).

Virginia Code § 60.2–523 (1950) (as amended) provides in pertinent part:

Whenever any employing unit in any manner succeeds to or acquires the organization, trade, separate establishment or business, or substantially all of the assets thereof, of another, which at the time of such acquisition was an employer subject

to this title, the succeeding or acquiring unit shall be assigned the experience record of the predecessor. Such record shall be deemed the experience record of the successor . . . .

When a successor acquires an employing unit by partial acquisition, the succeeding employer shall provide . . . information relating to the division of taxable payroll for partial acquisitions.

Virginia Code § 60.2–535.

Based on the Commission's findings of fact, petitioner has not succeeded to or acquired the predecessor partnership within the meaning of Virginia Code § 60.2–535. Under the statute, petitioner is considered a successor employer if it either acquired or succeeded to the organization, trade, separate establishment or business of the former partnership, or petitioner acquired or succeeded to substantially all of the assets or partially acquired the assets thereof. Virginia Code § 60.2–535. The petitioner neither acquired nor succeeded to the organization, trade, separate establishment or business of the former partnership, nor acquired substantially all the assets of the former partnership. The factually similar case of *In re William E. O'Neil, Jr., P.C.*, Commission Liability Decision No. L-74 (July 27, 1982), is instructive. There, the petitioner had been a partnership in a law firm until the partnership dissolved, and each partner moved to a different location. When the partnership terminated, the petitioner incorporated his practice and took his clientele, office furniture, and secretary to his new office. In holding that the petitioner had neither acquired nor succeeded to the organization, trade, separate establishment, or business of the former partnership, nor acquired substantially all the assets of the predecessor, the Commission reasoned as follows:

It cannot be maintained that . . . the Petitioner acquired the "organization" of the partnership; in fact, the Petitioner formed a new entity, a new organization, with a separate and distinct legal existence when he incorporated. Nor can it be concluded that the Petitioner acquired the "trade" of the partnership, which consisted of the aggregate business generated by the three former partners as well as one associate. While the Petitioner doubtless acquired *some* of the assets of the partnership, the evidence in the record does not support the

conclusion that the Petitioner acquired "substantially all the assets" of the predecessor.

Similarly, the instant record reveals that upon dissolution of the partnership, each of the former partners took his own clientele, office furniture and secretary, and continued to practice law. The record is devoid of any evidence that petitioner acquired or succeeded to substantially all of the assets of the former partnership, rather each partner simply took his clientele, personnel, and that office equipment and furniture which he had previously owned. Because petitioner established a new entity, separate and distinct from the predecessor, it cannot be maintained that petitioner acquired or succeeded to the business of the former partnership. Thus, the evidence in the record does not support the conclusion that petitioner acquired or succeeded to the organization, trade, separate establishment, or business of the former partnership, or acquired or succeeded to substantially all of the assets of the predecessor within the meaning of the Act.

In addition, the record fails to establish that petitioner partially acquired the former partnership. The provisions of the Act with respect to partial acquisitions are not defined therein. In the absence of reported appellate decisions interpreting this provision, this Court must look to decisions of the commission.

The commission initially interpreted a partial acquisition as occurring when (1) the subject of the acquisition is a separate and distinct business establishment or business operation to the extent that the predecessor maintains two or more separate locations of business, one or more of which is the target of the acquisition; and (2) the business operation to be acquired is clearly definable and segregable to the extent that a separate payroll is maintained or can be readily determined, based on the business activities of the employees. *Dominion Trust Company v. Virginia Employment Commission*, Commission Decision No. L-121, p. 4 (April 12, 1984).

Subsequent Commission decisions have modified the first factor articulated in *Dominion Trust*, namely that unless there are at least two separate establishments of a predecessor, there can never be a partial acquisition. In *Formex, Inc., t/a Formex Permanent Steel Forms v. V.E.C.*, Commission Liability Decision No. L-241 (April 12, 1989), the predecessor consisted of two different business operations being conducted in two adjoining buildings. The Commission found that a partial acquisition did not require that there be separate business

establishments if the petitioner could establish that the successor acquired the separate business of a predecessor. Thus, in determining what constitutes a partial acquisition, the Commission considers the separate nature of the business:

> [Prior Commission decisions] stated that two factors govern whether a partial acquisition existed. First, there had to be at least two separate and distinct physical locations of the business, and secondly, there had to be a payroll capable of division. Unfortunately, this may have caused some misconception since the analysis did not fully take into account the language of § 60.2–535 [formerly § 60.1–88.01] of the Code which clearly refers to a "separate" establishment or business. What this means is that it is not necessary that there be separate establishments if it can be shown that a *successor acquired the separate business of a predecessor.*

*Id.* at p. 4 (emphasis added).

Thus, in determining whether petitioner particularly acquired the predecessor, the question becomes whether petitioner acquired the "separate business" of the predecessor. Based on the Commission's findings of fact, petitioner has failed to show that the dissolved partnership had sufficiently separate law practices such that there existed a "separate business" for petitioner to acquire. While each partner may have concentrated in different areas of the law, there is no evidence of any agreement that precluded each partner from handling legal matters within the other's specialty. *Id.* Moreover, the record contains no evidence that upon dissolution of their partnership, petitioner acquired or succeeded to a particular practice area or segment of the partnership's law practice. For these reasons, petitioner did not partially acquire the predecessor within the meaning of the Act.

Thus, petitioner did not acquire or succeed to substantially all of the assets of the predecessor partnership, nor did petitioner make a partial acquisition thereof. Further, petitioner has not acquired or succeeded to the organization, trade, separate establishment or business of the former partnership.

For the reasons stated herein, the Court finds the Commission's decision to be supported by the evidence and applicable law. The petitioner shall receive a new employer rating for purposes of determining its unemployment compensation tax rate pursuant to the Act.